UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DEMEKO WHATLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:08CV01108 ERW |
| ) | |
| UPS, ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on Plaintiff's Motion to Exclude in Limine [doc. #23] and Plaintiff's Request for Leave of Court To Resubmit Subpoena [doc. #24].

In this action, Plaintiff alleges employment discrimination and retaliation because he participated as a character witness in a harassment case. One of Plaintiff's co-workers was the defendant in a sexual harassment lawsuit. Plaintiff testified as a character reference for this individual, despite having been told by Defendant to not get involved in the suit. As a result, Defendant terminated Plaintiff's employment. Plaintiff subsequently filed a charge of discrimination, and Defendant reinstated Plaintiff. When Defendant reinstated Plaintiff, he was assigned to a different shift in a different area. After injuring himself, Plaintiff filed second charge of discrimination with the Missouri Commission on Human Rights on February 2, 2007. This charge stated that "I believe that I have been discriminated against by being assigned a different position, being subjected to different terms and conditions of employment, and being denied back pay on the basis of retaliation for protected activity." The pending lawsuit resulted from the filing of this EEOC charge.

Plaintiff filed a third charge of discrimination with the Missouri Commission on Human Rights on December 3, 2007. This charge claims discrimination between February 9, 2007 and October 31, 2007. He states that since filing the charge in February 2007, he has been retaliated against, threatened with termination, denied the use of personal days, monitored by audio and videotape, "and threatened with a lawsuit when I requested to see a physician after being injured on the job."

On April 7, 2009, the Court held a hearing concerning Plaintiff's Motion to Compel [doc. #15]. In that Motion, Plaintiff sought materials related to the third charge. Defendant responded that the information Plaintiff sought was not relevant. The Court reviewed Plaintiff's Complaint and determined that Plaintiff's second and third charges were intertwined in this action, and judicial economy would be best served by considering these claims together. It appeared to the Court that Plaintiff included many of the allegations from both charges in this suit, however, the Court permitted Plaintiff twenty (20) days to amend his Complaint to add any allegations or assertions related to either charge. The Court then denied Plaintiff's Motion to Compel as moot.

I. PLAINTIFF'S MOTION TO EXCLUDE IN LIMINE [doc. #23]

The Court has reviewed Plaintiff's Motion to Exclude in Limine, and it is unclear what Plaintiff is asking. The Court believes that Plaintiff has labeled his Motion as an "in limine" in error. In limine motions are made before the start of a trial, and parties to a lawsuit utilize in limine motions to request that a court exclude or limit the types of evidence that may be presented at trial. The trial in this matter is set for December 7, 2009, and the Court anticipates that motions in limine will be filed much closer to that date. Additionally, while Plaintiff does not mention discovery in this Motion, the Parties have been conducting depositions and utilizing other

2

discovery devices, and the Court believes that Plaintiff may actually be attempting to secure a protective order.

The Court reminds Plaintiff that parties to a lawsuit "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Additionally, if good cause is shown, "the court may order discovery of any matter relevant to the subject matter involved in the action." Fed. R. Civ. P. 26(b)(1). If Plaintiff feels that the information Defendants are attempting to discover is not relevant, is abusive, or otherwise fails to comply with the Federal Rules of Civil Procedure, Plaintiff should submit a motion for protective order to the Court. Any such motion should include the discovery request that Plaintiff believes is inappropriate, as well as Plaintiff's arguments. Because it is unclear what Plaintiff seeks in the pending Motion, it will be denied, as moot.

## II.     PLAINTIFF'S REQUEST FOR LEAVE OF COURT TO RESUBMIT SUBPOENA [doc. #24]

Plaintiff has amended his Complaint, and asserts that the discovery he sought prior to his amendment is now appropriate under the Federal Rules. Plaintiff asks that a subpoena be issued requiring the United States Equal Employment Opportunity Commission ("EEOC") to produce "documents, electronically stored information, or tangible things and the results of the investigation of" one of Plaintiff's EEOC Charges on April 29, 2009. The Court will order the Clerk of Court to prepare this subpoena.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Exclude in Limine [doc. #23] is **DENIED, as moot.**

**IT IS FURTHER ORDERED** that Plaintiff's Request for Leave of Court To Resubmit Subpoena [doc. #24] is **GRANTED.** The Clerk of Court shall prepare Plaintiff's subpoena. Plaintiff may pick up the subpoena from the Clerk's Office, and is responsible for serving the subpoena upon the EEOC.

Dated this 20th Day of May, 2009.

_____
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE